Henry S. David (CA SBN 89297)
*hdavid@davidfirm.com*
Hayim M. Gamzo (CA SBN 307033)
*hgamzo@davidfirm.com*
The David Firm®
617 W. 7th Street, Suite 702
Los Angeles, California 90017
Telephone:  (213) 550-4020

Annie S. Wang (CA SBN 243027)
*annie@wangalc.com*
Wang Law Corporation
1150 Foothill Boulevard, Suite E
La Cañada Flintridge, California 91011
Telephone:  (818) 500-3200
Facsimile:    (818) 500-3201

Attorneys for Plaintiffs/Creditors
SEIKO EPSON CORPORATION
and EPSON AMERICA, INC.

THE DAVID FIRM®
LAW OFFICES
617 W. 7th St., Suite 702
Los Angeles, California 90017
(213) 550-4020

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>ARTEM KOSHKALDA,<br><br>Debtor. | Dst. Crt. Case No. 5:18-cv-03124-BLF<br>Bankr. Crt. Case No. 18-30016-HLB<br>Chapter 7<br>Adversary Proc. No. 18-03020-HLB |
| SEIKO EPSON CORPORATION<br>and EPSON AMERICA, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARTEM KOSHKALDA, an individual,<br><br>Defendant. | **REPLY MEMORANDUM OF LAW BY PLAINTIFFS SEIKO EPSON CORPORATION AND EPSON AMERICA, INC. IN SUPPORT OF THEIR MOTION (A) TO WITHDRAW REFERENCE AND (B) TO TRANSFER CASE**<br>Date:  November 1, 2018<br>Time: 9:00 a.m.<br>Place: Courtroom 3 (5th Floor)<br>[NO ORAL ARGUMENT REQUESTED] |

REPLY MEMORANDUM OF LAW I/S/O EPSON'S MOTION TO WITHDRAW
REFERENCE AND TRANSFER CASE

# TABLE OF CONTENTS

I.  INTRODUCTION ............................................................................... 1

II. STATEMENT OF FACTS ................................................................. 2

    A.  The Events That Have Occurred Since Plaintiffs Filed Their Motion to Withdraw/Transfer.................................................................. 2

        1.  The Bankruptcy Court Granted Plaintiffs Relief from the Automatic Stay, Retroactive to the Filing of the Bankruptcies, Validating the Entry of the Default Judgment .................................................... 2

        2.  Debtor's Unauthorized Filing of the Los Angeles "Wrongful Seizure" Action, and the Bankruptcy Court's Lambasting Debtor (and His Counsel) for Such Filing................................................ 4

        3.  Debtor's Filing of a Motion for Stay in the Infringement Action...5

    B.  Additional Facts That Refute Debtor's Claim that Plaintiffs' Claims in this Action Are Unrelated to the Infringement Action........................ 6

III. LEGAL ARGUMENT......................................................................... 7

    A.  The Court Should Withdraw the Reference as to this Action Under the Mandatory Withdrawal Provision of Section 157(d).......................... 7

    B.  The Court Should Withdraw the Reference as to this Action Under the Mandatory Withdrawal Provision of Section 157(d) .......................... 9

    C.  The Court Should Transfer this Adversary Proceeding to the Nevada District Court in the Interests of Justice and for the Convenience of the Parties and Non-Parties ................................................................. 13

IV. CONCLUSION................................................................................. 15

i

THE DAVID FIRM®
LAW OFFICES
617 W. 7th St., Suite 702
Los Angeles, California 90017
(213) 550-4020

## <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Eli Global, LLC v. University Directories, LLC</u>
    532 B.R. 249 (M.D.N.C. 2015) ...................................................................................9

<u>Facebook, Inc. v. Vachani</u>
    577 B.R. 838 (N.D. Cal. 2017) ............................................................................10, 11

<u>In re Kissinger</u>
    72 F.3d 107 (9th Cir. 1995) .....................................................................................1

<u>In re McCrory Corp.</u>
    160 B.R. 502 (S.D.N.Y. 1993) ...................................................................................9

<u>Security Farms v. Int'l Broth. of Teamsters etc.</u>
    124 F.3d 999 (9th Cir. 1997) ....................................................................................9

THE DAVID FIRM®
LAW OFFICES
617 W. 7th St., Suite 702
Los Angeles, California 90017
(213) 550-4020

REPLY MEMORANDUM OF LAW I/S/O EPSON'S MOTION TO WITHDRAW
REFERENCE AND TRANSFER CASE

# I.   **INTRODUCTION**

Debtor[1] opposes Plaintiffs' Motion to Withdraw Reference on the supposed grounds that Debtor's (and his company's) infringement of Plaintiffs' trademarks is irrelevant to this action, and the majority of Plaintiffs' claims in this action have nothing to do with Plaintiffs' Infringement Action.  Yet, Debtor's opposition demonstrates why this Court should grant, not deny, Plaintiffs' Motion to Withdraw Reference.

(A)   Plaintiffs' Sixth and Seventh Claims for Relief arise from Debtor's infringement activities.  Indeed, Debtor's argument that his infringement is irrelevant is belied by his extensive discussion about such infringement.  If the Default Judgment withstands Debtor's appeal,[2] Plaintiffs' First through Fifth Claims for Relief become moot: Plaintiffs need only one basis for nondischargeability.

(B)   Debtor's argument that Plaintiffs' First through Fifth Claims for Relief are unrelated to the Infringement Action is incorrect.  For example, the First and Fifth Claims for Relief arise from Debtor's (and his companies') fraudulent transfer of the proceeds of their infringement activities and in knowing and intentional violation of a freeze order by the court hearing the Infringement Action.

Hence, withdrawal is mandatory, and in any event, permissible and appropriate.

---

[1]   Capitalized terms used in this Reply Memorandum of Law shall have the same meanings ascribed to them in Plaintiffs' Moving Memorandum of Law unless otherwise indicated.

[2]   Since Plaintiffs filed their Motion to Withdraw Reference and Transfer Case, the Bankruptcy Court granted Plaintiffs' Motion for Relief from the Automatic Stay, retroactive to the filing of Debtor's bankruptcy.  Reply Request for Judicial Notice ("Reply RfJN"), Ex. 32 (Order Granting Relief from Stay [Dkt. 216 in Debtor's Bankruptcy]).  Hence, the post-petition entry of the Default Judgment is now irrelevant.  In re Kissinger, 72 F.3d 107, 108-09 (9th Cir. 1995) (retroactive relief from stay validates post-petition judgment).

REPLY MEMORANDUM OF LAW I/S/O EPSON'S MOTION TO WITHDRAW
REFERENCE AND TRANSFER CASE

THE DAVID FIRM®
LAW OFFICES
617 W. 7th St., Suite 702
Los Angeles, California 90017
(213) 550-4020

THE DAVID FIRM®
LAW OFFICES
617 W. 7ᵗʰ St., Suite 702
Los Angeles, California 90017
(213) 550-4020

Debtor opposes Plaintiffs' Motion to Transfer on the grounds that he lives in this District, and one of Plaintiffs has its principal place of business in Los Angeles County. This is not a sufficient reason for related matters to be pending in multiple forums. All of these issues, all of these claims, and all of these actions should be heard in the same forum, and before the same judicial officer—Judge Jones, who has been presiding over these issues and these parties for more than two years.

Therefore, this Court should (A) withdraw its automatic reference of this Adversary Proceeding, and (B) transfer it to the Nevada District Court.

## II.   STATEMENT OF FACTS

Plaintiffs will try not to repeat the facts from their moving papers unnecessarily. Plaintiffs also will <u>not</u> respond to Debtor's false, unsupported, and oft-rejected attempts to justify his "business" activities and his litigation tactics;[3] those allegations are simply irrelevant to the issues before this Court. In this Reply Memorandum of Law, Plaintiffs will address (1) the events that occurred since Plaintiffs filed their Motion to Withdraw/Transfer, and (2) the facts necessary to correct the distorted picture that Debtor tries to paint in his Opposition.

### A.   The Events That Have Occurred Since Plaintiffs Filed Their Motion to Withdraw/Transfer

#### 1.   The Bankruptcy Court Granted Plaintiffs Relief from the Automatic Stay, Retroactive to the Filing of the Bankruptcies, Validating the Entry of the Default Judgment

On January 5, 2018, three weeks after Judge Jones orally granted Plaintiffs' Motion for Entry of a Default Judgment, Debtor and ART filed their bankruptcies (the "Bankruptcies").[4] On January 12, 2018, Plaintiffs moved to dismiss those

---

[3]   Opp., 2:6-6:28.

[4]   Moving Declaration of Henry S. David ("Moving David Decl."), ¶ 4, Ex. 29 (12/18/2017 Hearing Transcript, 41:4-5, 8); Moving Request for Judicial Notice ("Moving RfJN"), Ex. 19 (Bankruptcy Petition [Dkt. 1 in In re Artem Koshkalda, Case No. 18-30016-HLB ("Debtor's Bankruptcy")]); Reply Request for Judicial

Bankruptcies, or in the alternative, for relief from the automatic stay to prosecute the Infringement Action to finality.[5]

Debtor, ART, and Plaintiffs all gave Judge Jones notice of the filing of the Bankruptcies.[6]  On January 16, 2018, Judge Jones entered the Default Judgment against, among others, Debtor and ART.[7]  On January 18, 2018, Debtor and ART appealed from the Default Judgment.[8]

On February 2, 2018, the Bankruptcy Court denied, without prejudice, Plaintiffs' alternative motion for relief from the automatic stay, instructing Plaintiffs to file a separate motion for such relief.[9]  On February 8, 2018, Plaintiffs filed such a motion.[10]  On July 6, 2018, the Bankruptcy granted the motion for relief, giving the parties relief from the automatic stay, retroactive to the filing of the Bankruptcies.[11]  The effect of that order is that the Default Judgment and

---

Notice ("Reply RfJN"), Ex. 33 (Bankruptcy Petition [Dkt. 1 in In re ART LLC, Case No. 18-30014-HLB ("ART's Bankruptcy")]).

[5]      Moving RfJN, Ex. 23 (Motion to Dismiss/Appoint [Dkt. 15 in Debtor's Bankruptcy]).

[6]      See Moving RfJN, Ex. 1 (Infringement Action Docket Sheet [Dkts. 209, 300, 301—notices of bankruptcies]).

[7]      Moving RfJN, Ex. 20 (Default Judgment [Dkt. 304 in the Infringement Action]).

[8]      Moving RfJN, Ex. 21 (Notice of Appeal [Dkt. 306 in the Infringement Action]).

[9]      Reply RfJN, Ex. 34 (Order [Dkt. 46 in Debtor's Bankruptcy]).

[10]     Moving RfJN, Ex. 26 (Motion for Relief from Automatic Stay [Dkt. 56 in Debtor's Bankruptcy]).

[11]     Reply RfJN, Ex. 32 (Order Granting Relief from Stay [Dkt. 216 in Debtor's Bankruptcy]).  Debtor claims that Judge Blumenstiel gave Plaintiffs relief from the stay to litigate the infringement-related nondischargeability claims in the Nevada District Court.  Opp., 1:20-21.  That is not true:  Judge Blumenstiel gave Plaintiffs the right to litigate the Infringement Action to final resolution, but did not give Plaintiffs the right to litigate part of this action in Nevada.  Further, Debtor has stated that he reserves his right to argue that the determinations in the Infringement Action are not determinative of the infringement-related claims in this action.  Reply Declaration of Henry S. David ("Reply David Decl."), ¶ 3.

REPLY MEMORANDUM OF LAW I/S/O EPSON'S MOTION TO WITHDRAW
REFERENCE AND TRANSFER CASE

THE DAVID FIRM®
LAW OFFICES
617 W. 7ᵗʰ St., Suite 702
Los Angeles, California 90017
(213) 550-4020

Debtor/ART's appeal from the Default Judgment, both of which occurred post-petition, are <u>not</u> void, Debtor/ART's appeal may proceed, and absent the imposition of a non-bankruptcy stay, Plaintiffs may enforce the Default Judgment other than its monetary award.  The Bankruptcy Court specifically rejected Debtor's request that the Bankruptcy Court deny Plaintiffs' relief to enforce the Default Judgment's provision for destruction of the items Plaintiffs and the U.S. Marshalls had seized pursuant to Judge Jones' orders (the "Seized Items").[12]

2.  **Debtor's Unauthorized Filing of the Los Angeles "Wrongful Seizure" Action, and the Bankruptcy Court's Lambasting Debtor (and His Counsel) for Such Filing**

On June 8, 2018, Debtor "individually and as [purported] assignee of" ART filed an action in federal court in Los Angeles for "wrongful seizure," asserting that Plaintiffs had wrongfully seized ART's inventory (the "Wrongful Seizure Action").[13]  Among the many substantive and procedural defects with that filing are:

- Debtor's Trustee, not Debtor, controls/owns ART, and therefore Debtor had no right to cause ART to assign its asset (the "wrongful seizure" claim) to Debtor, and no right to file the Wrongful Seizure Action.  Indeed, the Trustee dismissed that Action;[14]

- Judge Jones previously had rejected Debtor/ART's motion for release of the Seized Items, in which motion Debtor/ART argued that the seizure was wrongful;[15]

---

[12]    Reply David Decl., ¶ 4, Ex. 45 (6/28/2018 Hearing Transcript, 15:24-17:16, 20:12-23).

[13]    Reply RfJN, Ex. 35 (Complaint [Dkt. 1 in the Wrongful Seizure Action]).

[14]    Reply RfJN, Ex. 36 (Order [Dkt. 190 in Debtor's Bankruptcy]), 37 (Notice of Voluntary Dismissal [Dkt. 15 in the Wrongful Seizure Action]).

[15]    Moving RfJN, Ex. 9 (Contempt Order, ¶ 6 [Dkt. 250 in the Infringement Action]); Reply RfJN, Ex. 38 (Motion re Seized Inventory [Dkt. 177 in the

REPLY MEMORANDUM OF LAW I/S/O EPSON'S MOTION TO WITHDRAW
REFERENCE AND TRANSFER CASE

THE DAVID FIRM®
LAW OFFICES
617 W. 7th St., Suite 702
Los Angeles, California 90017
(213) 550-4020

- The Default Judgment precludes the claim that the Seized Items were non-infringing or wrongfully seized; and
- Any claim that ART's property, located in Nevada, was wrongfully seized in the Infringement Action should have been brought in Nevada, and specifically, in the Infringement Action.

Notably, at the June 28, 2018 hearing on Plaintiffs' Motion for Relief, the Bankruptcy Court lambasted Debtor for making the purported assignment,[16] and filing the Wrongful Seizure Action, stating that Debtor's Trustee, not Debtor, owned/controlled any wrongful seizure claim, authorizing the Trustee to dismiss that action, stating "[counsel], this is your client.  Control him," and warning Debtor that if he took further steps to interfere with the administration of the Bankruptcies, she would issue an order to show cause re contempt.[17]

### 3. Debtor's Filing of a Motion for Stay in the Infringement Action.

Debtor recently filed a motion in the Infringement Action to stay destruction of the Seized Items.[18]  In that motion, Debtor again raised the same issues that he has raised in the Infringement Action, his bankruptcy, this action, and the Wrongful

---

Infringement Action]), 39 (Order, 3:19-23, 4:6-7 [Dkt. 317 in the Infringement Action]).

[16]   In the words of Judge Blumenstiel, "who the hell decided that was okay?" Reply David Decl., ¶ 4, Ex. 45 (6/28/2018 Hearing Transcript, 22:25-23:3).  Judge Blumenstiel then expressed her displeasure that Debtor's counsel pled ignorance about the assignment.  Id. (23:4-6).

[17]   Reply David Decl., ¶ 4, Ex. 45 (6/28/2018 Hearing Transcript, 25:4-11,18-23, 26:1-2).

[18]   Reply RfJN, Ex. 40 (Motion for Limited Stay re Seized Items [Dkt. 352 in the Infringement Action]).  In his Motion for Limited Stay, Debtor focused on his need for the Seized Items as evidence in the Wrongful Seizure Action—which the Trustee has dismissed.  Reply RfJN, Ex. 37 (Notice of Voluntary Dismissal [Dkt. 15 in the Wrongful Seizure Action]).

THE DAVID FIRM®
LAW OFFICES
617 W. 7th St., Suite 702
Los Angeles, California 90017
(213) 550-4020

Seizure Action—whether he and ART infringed Plaintiffs' trademarks, and whether Plaintiffs had wrongfully seized the Seized Items.

## B.   Additional Facts That Refute Debtor's Claim that Plaintiffs' Claims in this Action Are Unrelated to the Infringement Action

Debtor would have this Court believe that Plaintiffs' claims in this action have nothing to do with the Infringement Action.  Of course, even Debtor must concede that is not true as to the Sixth and Seventh Claims for Relief, which directly relate to Debtor/ART's "business" of infringing Plaintiffs' trademarks.

But Plaintiffs' other Claims for Relief also relate to conduct and orders in the Infringement Action.  Plaintiffs' First and Fifth Claims for Relief arise from Debtor/ART's fraudulent transfers.  At least a majority of those transfers consisted of transfers of the proceeds of the infringing activities.[19]  Further, Judge Jones had issued injunctions against transfers of the assets of Debtor and his companies (including ART)—injunctions that were not limited to proceeds of their infringing activities.[20]  Debtor has admitted that he knowingly and intentionally violated those injunctions because he thought doing so was, in essence, the lesser of evils.[21] Hence, Plaintiffs' fraudulent transfer claims directly relate to events in the Infringement Action and Judge Jones' various orders.

Likewise, Plaintiffs' Second, Third, and Fourth Claims for Relief for failure to account for assets and to maintain books and records related to the conduct of the Infringement Action.  Much (too much) of the Infringement Action was spent trying to get Debtor and ART to produce documents; they refused—which led to

---

[19]   Reply RfJN, Exs. 41 (Debtor's Statement of Financial Affairs [Dkt. 37 in Debtor's Bankruptcy]); 42 (ART's Amended Statement of Financial Affairs [Dkt. 120 in ART's Bankruptcy]).

[20]   Moving RfJN, Exs. 7 (Asset Seizure and Impoundment Order [Dkt. 159 in the Infringement Action]), 8 (Amended Asset Seizure and Impoundment Order [Dkt. 251 in the Infringement Action]).

[21]   Reply RfJN, Ex. 43 (Debtor's Declaration, ¶ 16 [Dkt. 44 in Debtor's Bankruptcy]).

THE DAVID FIRM®

LAW OFFICES
617 W. 7th St., Suite 702
Los Angeles, California 90017
(213) 550-4020

the issuance of terminating sanctions.[22]  In addition, Judge Jones issued orders that Debtor provide information about his and ART's assets, orders that Debtor again violated, leading to the issuance of a warrant for his arrest.[23]  The relationship between Plaintiffs' claims in this action and the events/orders in the Infringement Action is clear.

## III.   LEGAL ARGUMENT

### A.   The Court Should Withdraw the Reference as to this Action Under the Mandatory Withdrawal Provision of Section 157(d)

Notably, Debtor does not argue that a nondischargeability action based on trademark infringement is not subject to the mandatory withdrawal.  Instead, Debtor argues that (1) the Bankruptcy Court stayed the infringement aspects of this action, (2) withdrawal is mandatory only if the non-bankruptcy federal issues are "substantial and material questions of federal law," and (3) the other claims in this action are not based on infringement or other non-bankruptcy federal law. Plaintiffs respectfully submit that Debtor misses the point in all regards.

First, although at Plaintiffs' request, the Bankruptcy Court stayed the infringement portions of this action pending final resolution of the Infringement Action, once the Infringement Action is finally resolved, some court will need to

---

[22]     Moving RfJN, Exs. 11 (Minutes of Proceeding [Dkt. 84 in the Infringement Action]), 12 (Order Granting Motion to Compel and for Sanctions [Dkt. 88 in the Infringement Action]), 13 (Report and Recommendation Granting Motion for Case Terminating Sanctions [Dkt. 112 in the Infringement Action), 14 (Minutes of Proceeding [Dkt. 136 in the Infringement Action], 15 (Order Granting Motion for Sanctions [Dkt. 137 in the Infringement Action], 16 (Order Adopting and Accepting Report and Recommendation [Dkt. 160 in the Infringement Action], 17 (Order Granting Motion for Sanctions [Dkt. 277 in the Infringement Action]). Debtor's argument that Epson hoodwinked the Nevada District Court into thinking he did not cooperate in discovery is hogwash—and, in any event, now an issue for the Ninth Circuit and not this Court.

[23]     Moving RfJN, Exs. 9 (Contempt Order [Dkt. 250 in the Infringement Action]), 10 (Arrest Warrant [Dkt. 252 in the Infringement Action]).

THE DAVID FIRM®
LAW OFFICES
617 W. 7th St., Suite 702
Los Angeles, California 90017
(213) 550-4020

address the infringement portions of this action.  So, the infringement portions remain very much a part of this action; in other words, the infringement claims have been stayed, not dismissed.  Further, if Debtor's debt to Plaintiffs is declared non-dischargeable under Section 523(a)(6), for willful and malicious injury, Plaintiffs' other claims will be moot.

Debtor states "[a]s to the two claims [in Plaintiffs' Complaint] that do concern trademark law, those claims are already before the District Court in Nevada.  Mandatory withdrawal of the bankruptcy reference is not warranted."[24] The first sentence is misleading.  The infringement issues <u>in the Infringement Action</u> are before the Nevada District Court.  Plaintiffs' Sixth and Seventh Claims for Relief <u>in this action</u> are not yet before that Court; that is the very relief Plaintiffs request in this Motion to Withdraw.  Further, and more importantly, the second sentence does not follow from the first—and, indeed, the fact that the Nevada District Court already is presiding over infringement issues in the Infringement Action suggests that the reference <u>should</u> be withdrawn and this action transferred to that Court.

Second, Debtor's argument that Plaintiffs' infringement claims are not "substantial and material" are belied by his own extensive, albeit erroneous discussion of the issues.[25]  Plaintiffs' right to have an Article III judge decide those non-bankruptcy claims, which are key to Plaintiffs' business, should not be easily brushed aside.

Third, Debtor is correct that Plaintiffs' non-infringement claims are not based on federal non-bankruptcy law and are not subject to mandatory withdrawal.  But because a part of this action is subject to mandatory withdrawal, the reference should be withdrawn as to all of it.

---

[24]    Opp., 10:1-3.
[25]    Opp., 2:6-6:28.

- 8 -

REPLY MEMORANDUM OF LAW I/S/O EPSON'S MOTION TO WITHDRAW
REFERENCE AND TRANSFER CASE

THE DAVID FIRM®

LAW OFFICES
617 W. 7th St., Suite 702
Los Angeles, California 90017
(213) 550-4020

1    Hence, withdrawal of the reference as to this Adversary Proceeding is

2    mandatory.[26]

3    ## B.    The Court Should Withdraw the Reference as to this Action

4    ## Under the Mandatory Withdrawal Provision of Section 157(d)

5    Even if withdrawal of the reference were not mandatory, Plaintiffs

6    respectfully submit that this action is clearly an appropriate one for permissive

7    withdrawal under the first sentence of section 157(d).  Debtor acknowledges the

8    four-part test that Plaintiffs articulated in their moving brief,[27] but disputes that

9    those factors weigh in favor of withdrawal of the reference.  Debtor errs.

10    First, "efficient use of judicial resources" clearly dictates that Judge Jones

11    hear this action.  Once the current stay is lifted, some judge will need to apply issue

12    and claim preclusion doctrines to the final judgment and other orders in the

13    Infringement Action.  Who more efficiently than Judge Jones?  Debtor admits that

14    Judge Jones already is deciding infringement issues, but somehow concludes that

15    supports leaving this action with Judge Blumenstiel[28]—a classic *non sequitur*.

16    With respect to the non-infringement claims, Debtor argues that on July 12, 2018,

17    Judge Blumenstiel allowed discovery on those claims to proceed, and therefore it

18    would be inefficient to transfer this action to Judge Jones.[29]  Yet, no discovery has

19    been propounded to date, Judge Jones already has presided over issues of Debtor's

20    transfers of assets and record-keeping, and if part of this action goes, it should all

21    go.

22    

23    [26]    See, e.g., Eli Global, LLC v. University Directories, LLC, 532 B.R. 249, 252

24    (M.D.N.C. 2015) (withdrawal mandated under section 157(d)'s "substantial and

25    material" standard when resolution of trademark infringement counterclaim would

26    require significant consideration of the Lanham Act, compiling cases); In re
McCrory Corp., 160 B.R. 502, 505-506 (S.D.N.Y. 1993) (same).

27    [27]    Moving Memorandum of Law (Dkt. 9), 8:8-15, citing Security Farms v. Int'l
Broth. of Teamsters etc., 124 F.3d 999, 1008 (9th Cir. 1997).

28    [28]    Opp., 10:18-19.
    [29]    Opp., 10:19-22.

REPLY MEMORANDUM OF LAW I/S/O EPSON'S MOTION TO WITHDRAW
REFERENCE AND TRANSFER CASE

THE DAVID FIRM®
LAW OFFICES
617 W. 7th St., Suite 702
Los Angeles, California 90017
(213) 550-4020

Second, the "forum shopping" factor clearly weighs in favor of withdrawal (and transfer). Debtor has been engaged in forum shopping ever since Judge Jones granted Plaintiffs' Motion for Entry of Default Judgment. Literally minutes after Judge Jones orally granted that Motion, Debtor said he would file for bankruptcy. And he did so—in San Francisco. When Plaintiffs moved to dismiss or for alternative relief, Debtor sought to have the Bankruptcy Court revisit Judge Jones' discovery and substantive rulings; the Bankruptcy Court declined to do so. Debtor then filed the Wrongful Seizure Action—in Los Angeles (even though he had no authority to do so). And, now he fights to have this dispute about his infringement activities, his transfers in violation of Judge Jones' freeze orders, and his failure to disclose assets as Judge Jones ordered heard <u>anywhere</u> other than before Judge Jones. This is classic forum-shopping.

Yet, Debtor argues that Plaintiffs are the parties that are forum-shopping. Why/how? Because Plaintiffs want this action heard by the judge who has presided over these issues for two years. What makes that "forum shopping?" Because Judge Jones ruled in favor of Plaintiffs. That, of course, is not forum shopping. "Forum shopping" is trying to get to (or, in the case of Debtor, away from) a forum that is perceived to be biased based on evidence <u>other than the rulings on the merits</u>.

Debtor suggests that because Judge Koh declined to withdraw the reference in <u>Facebook, Inc. v. Vachani</u>, 577 B.R. 838 (N.D. Cal. 2017), this Court must/should do likewise.[30] Plaintiffs do not suggest that Judge Koh abused her discretion in deny the motion to withdraw in <u>Vachani</u>. But, the facts and procedural setting in <u>Vachani</u> clearly are distinguishable for the facts before this Court. For example, in <u>Vachani,</u>

- Facebook filed its adversary proceeding on December 13, 2013, but did not move to withdraw the reference until May 30, 2017,[31] <u>three</u>

---

[30]   Opp., 12:18-13:5.
[31]   <u>Facebook, Inc. v. Vachani</u>, 577 B.R. at 845.

REPLY MEMORANDUM OF LAW I/S/O EPSON'S MOTION TO WITHDRAW
REFERENCE AND TRANSFER CASE

THE DAVID FIRM®
LAW OFFICES
617 W. 7th St., Suite 702
Los Angeles, California 90017
(213) 550-4020

and a half years later.  Section 157(d) requires a party to file a motion to withdrawal "timely."  In compliance with that requirement, and in stark contrast to Facebook's dilatory actions, Plaintiffs filed their Motion to Withdraw on May 22, 2018,[32] a mere three weeks after Plaintiffs filed their Complaint to commence this action.[33]

- Indeed, the Vachani court found Facebook's delay significant for an additional reason:  "the Bankruptcy Court has presided over Vachani's 'unusually complex' bankruptcy since Vachani filed his petition on August 27, 2012, and thus the Bankruptcy Court has extensive experience with Vachani as a party."[34]  In contrast, here, Judge Jones is the judge who has presided over this dispute for two years, and has experience with Debtor as a litigant (although, in all honesty, Judge Blumenstiel already has felt it necessary to warn him that further missteps will lead to the issuance of an order to show cause re contempt[35]).

- In Vachani, many of the orders at issue in the underlying action were issued by a judge who had since retired (Judge Ware).[36]  "[T]he Bankruptcy Court has longer experience with Vachani as a party than the undersigned judge, to whom the *Power Ventures* case was reassigned on April 10, 2013."[37] In contrast, here, Judge Jones has not retired, and is better positioned to interpret his own orders.

---

[32]   Dkt. 8 in the Bankruptcy Court's docket for this Action.
[33]   Dkt. 1 in the Bankruptcy Court's docket for this Action.
[34]   Facebook, Inc. v. Vachani, 577 B.R. at 849.
[35]   Reply David Decl., ¶ 4, Ex. 45 (6/28/2018 Hearing Transcript, 25:4-7, 12-22).
[36]   Facebook, Inc. v. Vachani, 577 B.R. at 848 n. 4.
[37]   Facebook, Inc. v. Vachani, 577 B.R. at 849.

REPLY MEMORANDUM OF LAW I/S/O EPSON'S MOTION TO WITHDRAW REFERENCE AND TRANSFER CASE

Plaintiff could go on about the differences between <u>Vachani</u> and this case, but the bottom line is that there were a number of facts that led the <u>Vachani</u> court to exercise its discretion to deny Facebook's motion that are not present in this case.

Third, "delay and costs to the parties" weigh in favor of withdrawal, for the same reason that withdrawal (and transfer to the Nevada District Court) would enhance the efficient use of judicial resources. Debtor argues that the transfer will not reduce delay or costs to the parties because most of Plaintiffs' claims do not involve infringement.[38] Yet, some do, and the other claims raise issues (asset transfers and record-keeping) with which Judge Jones is familiar.

The last <u>Security Farms</u> factor, "uniformity of bankruptcy administration," does not weigh in favor or against withdrawing the reference: A declaration that Debtor's debt is nondischargeable would only affect Debtor's *post-petition* assets, but *not* property of the bankruptcy estate. Debtor argues, in essence, that all nondischargeability actions affect the "uniformity of bankruptcy administration" because they are "core" proceedings, and hence the reference cannot/should not be withdrawn as to them.[39] Obviously, that is a gross overstatement, as it, in essence, would vitiate Section 157(d), at least as to nondischargeability and other core proceedings.

Debtor then argues that his Bankruptcy will have been pending 11 months by the time of the November 1, 2018 nominal hearing date, and this action will be pending 6 months by then. Ignoring Debtor's math errors,[40] this argument is pure sophistry. This action will not affect the Bankruptcy itself, and nothing has happened in this action other than the filing of the complaint and the answer, the holding of a status conference, which Judge Blumenstiel continued to November 8,

---

[38]     Opp., 11:11-24.
[39]     Opp., 11:25-12:7.
[40]     The Petition Date is January 5, 2018, and the hearing date is November 1, 2018, which is less than 10 months later.

REPLY MEMORANDUM OF LAW I/S/O EPSON'S MOTION TO WITHDRAW
REFERENCE AND TRANSFER CASE

THE DAVID FIRM®
LAW OFFICES
617 W. 7th St., Suite 702
Los Angeles, California 90017
(213) 550-4020

2018, and the staying of the infringement-related discovery.[41]  There has been <u>no</u> discovery and <u>no</u> law-and-motion other than the stay motion.[42]  And, indeed, none is currently pending.[43]  The parties' initial disclosures are not even due to be exchanged until July 20, 2018 (the date of this Reply).  In other words, this action is at its beginning, not in an "advanced" stage.

For the foregoing reasons, even if withdrawal were not mandatory, this is certainly a case in which the Court should exercise its discretion and order permissive withdrawal.

**C.    <u>The Court Should Transfer this Adversary Proceeding to the Nevada District Court in the Interests of Justice and for the Convenience of the Parties and Non-Parties</u>**

Plaintiffs request that this action be transferred to Judge Jones, basically for the reasons discussed above.  Debtor argues that because he now lives in San Francisco, and hence had to file bankruptcy there, transfer is inappropriate.  Although the forum in which the bankruptcy is pending certainly is a factor for the Court to consider, it is not dispositive, and Plaintiffs respectfully submit, in this case, is outweighed by other factors.

Debtor asserts that "economic and efficient administration" would not be advanced by transfer—but only repeats that he lives here.[44]  Yet, Plaintiffs and its employees/agents are not in this District, and more importantly, Debtor's co-conspirators include many Nevada companies.

Debtor then argues, again, that judicial economy would not be achieved by Judge Jones hearing this matter.[45]  Plaintiffs have addressed that issue above.

---

[41]    Reply RfJN, Ex. 44 (Order Following Scheduling Conference [Dkt. 42 in the Adversary Proceeding]).

[42]    Reply David Decl., ¶ 5.

[43]    Reply David Decl., ¶ 5.

[44]    Opp., 14:5-9.

[45]    Opp., 14:10-11.

REPLY MEMORANDUM OF LAW I/S/O EPSON'S MOTION TO WITHDRAW REFERENCE AND TRANSFER CASE

THE DAVID FIRM®
LAW OFFICES
617 W. 7ᵗʰ St., Suite 702
Los Angeles, California 90017
(213) 550-4020

Debtor then asserts that he cannot receive a "fair trial" before Judge Jones.[46] Plaintiffs hardly knows how to respond to such an argument, other than to note that one can have a "fair trial," and still lose. The mere fact that Judge Jones entered judgment against Debtor due to Debtor's misconduct is not evidence that Judge Jones is biased or that Debtor cannot receive a fair trial.

Debtor next argues that California has an interest in having matters heard by its courts.[47] Again, whatever weight this factor may have is outweighed by other factors—including the Nevada District Court's interest in not allowing a party to avoid its rulings by running away.

Debtor's final argument appears to be that California was Plaintiffs' "original" choice of forum.[48] This argument also is sophistry. Plaintiffs were required to file this Adversary Proceeding in this District, where Debtor filed his bankruptcy. Plaintiffs then promptly moved to withdraw the reference and transfer the case. A plaintiff's choice of forum is an appropriate factor when it has a choice and the defendant moves to transfer, not when the plaintiff has no choice, and timely moves.

As for convenience of the parties and witnesses, Debtor makes (and repeats) four main points: He lives in San Francisco; Epson is in "California;" to the extent he and "Epson" are not the only witnesses, the others could be subpoenaed; and Plaintiffs have a lot more money that Debtor does.[49] Debtor's arguments are meritless. First, only Epson America is in California—and it is in Los Angeles County, not this District. Second, and more important, Plaintiffs' personnel and Debtor are not the only witnesses—virtually all of Debtor's entity co-defendants were formed in Nevada. Indeed, ART, not Debtor, owned the subject infringing

---

[46]   Opp., 14:12-14.
[47]   Opp., 14:15-19.
[48]   Opp., 14:20-25.
[49]   Opp., 15:14-16:18.

REPLY MEMORANDUM OF LAW I/S/O EPSON'S MOTION TO WITHDRAW
REFERENCE AND TRANSFER CASE

THE DAVID FIRM®
LAW OFFICES
617 W. 7ᵗʰ St., Suite 702
Los Angeles, California 90017
(213) 550-4020

1  inventory (in Nevada), and ART, a Nevada company, filed for bankruptcy in this

2  District solely by bootstrapping Debtor's residence, not based on its own forum-

3  based contacts.  Third, Plaintiffs can subpoena those distant witnesses for

4  deposition, but Plaintiffs cannot make the witnesses appear here for trial, which

5  would be a major disadvantage for Plaintiffs and the trier of fact.  As for the relative

6  financial condition of the parties, it is generally true that creditors have more money

7  than bankrupt debtors, but that does not preclude transfer.  And, Plaintiffs note that

8  for someone with supposedly no assets, Debtor has paid a lot of money to attorneys

9  since he filed for bankruptcy (well over $500,000).

10        For the foregoing reasons, Judge Jones should hear this matter, and that

11  logical result can be accomplished only by withdrawing the reference and

12  transferring the case.

## IV.   **CONCLUSION**

      For the foregoing reasons, Plaintiffs request that this Court (A) withdraw the
reference as to this Adversary Proceeding, and (B) transfer this Adversary
Proceeding to the Nevada District Court.

DATED: July 20, 2018          Respectfully submitted,

                          THE DAVID FIRM®

                          By: /s/ Henry S. David
                            Henry S. David
                            Attorneys for Plaintiffs and
                            Creditors SEIKO EPSON
                            CORPORATION and EPSON
                            AMERICA, INC.

THE DAVID FIRM®
LAW OFFICES
617 W. 7th St., Suite 702
Los Angeles, California 90017
(213) 550-4020

REPLY MEMORANDUM OF LAW I/S/O EPSON'S MOTION TO WITHDRAW
REFERENCE AND TRANSFER CASE