# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SEIKO EPSON CORPORATION, et al., | Case No. 18-cv-03124-BLF |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' MOTION TO WITHDRAW REFERENCE AND TO TRANSFER THE CASE** |
| ARTEM KOSHKALDA, | |
| Defendant. | [Re: ECF 1-1] |

Before the Court is Seiko Epson Corporation and Epson America, Inc's (collectively, "Epson" or "Plaintiffs") motion to withdraw the reference to bankruptcy court for this adversary proceeding and to transfer the Adversary Proceeding to the District of Nevada ("Motion"). *See* Motion, ECF 1-1. Defendant Artem Koshkalda ("Koshkalda" or "Defendant") opposes the motion. *See* Opp'n, ECF 9. For the reasons stated below, Plaintiff's motion to withdraw the reference and to transfer the case is DENIED.

## I. BACKGROUND

This adversary proceeding and the present motion arise out of default judgment of trademark infringement entered against Defendant in the District of Nevada. On May 25, 2017, Plaintiffs filed a second amended complaint for trademark infringement[1] against Defendant (and other co-defendants) in the District of Nevada ("the Infringement Action"). *See* ECF 1-5. On January 16, 2018, the District of Nevada Court entered default judgment for Plaintiffs, finding that Defendant (and other co-defendants) had infringed Plaintiffs' trademarks and were liable for

---

[1] Along with trademark counterfeiting; contributory trademark infringement; vicarious trademark infringement; unfair competition; and false advertising.

"Twelve Million Dollars ($12,000,000.00)" in damages.  *See* Default Judgment Order at 4–5, ECF 1-23.  In its Default Judgment Order, the District of Nevada Court also ordered injunctive relief. *Id.*  On January 18, 2018, Defendant appealed to the Ninth Circuit from the default judgment.  *See* Notice of Appeal, ECF 1-24.

On January 5, 2018, in anticipation[2] of the Default Judgment Order, Defendant filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of California ("the Bankruptcy Court") *See* ECF 1-22.

On May 1, 2018, Plaintiffs brought this adversary proceeding in the Bankruptcy Court, "objecting to the discharge of Debtor [Defendant] and the discharge of Debtor's [Defendant's] debts to Plaintiffs."  *See* ECF 1-30 at 2.  Plaintiffs raised seven claims in the adversary proceeding complaint:

(1) Denial of Discharge under 11 U.S.C. § 727(a)(2) [Fraudulent Transfers];

(2) Denial of Discharge under 11 U.S.C. § 727(a)(3) [Failure to Preserve Records];

(3) Denial of Discharge under 11 U.S.C. § 727(a)(5) [Failure to Explain Loss of Assets];

(4) Denial of Discharge under 11 U.S.C. § 727(a)(7) [Insider Trading];

(5) Nondischargeability of Debt under 11 U.S.C. § 523(a)(2) [Fraudulent Transfers];

(6) Nondischargeability of Debt under 11 U.S.C. § 523(a)(2) [Fraud]; and

(7) Nondischargeability of Debt under 11 U.S.C. § 523(a)(6) [Willful and Malicious

Injury].

*See* ECF 1-30 at 15–23.

In the adversary proceeding complaint, Plaintiffs also noted they "will move to withdraw the reference as to this Adversary Proceeding and, thus, do not consent to the entry of a final order or judgment by the Bankruptcy Court."  *Id.* at 3.

On July 6, 2018, the Bankruptcy Court lifted the automatic stay[3] of action in nonbankruptcy forum, retroactive to January 5, 2018 (the bankruptcy petition date), as to "the

---

[2] The District of Nevada Court orally stated at a December 18, 2017 hearing that it would be entering default judgment against Defendant.  *See* Hearing Transcript at 41:4-5, 8, ECF 1-32.
[3] Provided by 11 U.S.C. § 362(a).

United States District Court
Northern District of California

1   entry of judgment and through any appeals arising from the Infringement Action [in the District of

2   Nevada]." *See* Order Granting Relief from Automatic Stay at 1, Ex. A to Rougeau Decl., ECF 11.

3   On July 12, 2018, the Bankruptcy Court stayed the adversary proceeding "as to issues related to

4   whether [Defendant] infringed the trademarks of [Plaintiffs] . . . includ[ing] . . . Plaintiffs' Sixth

5   and Seventh Claims for Relief in their Complaint in this adversary proceeding." *See* Order

6   Granting in Part and Denying in Part Plaintiffs' Motion to Stay, Ex. B to Rougeau Decl., ECF 11.

7   **II.    LEGAL STANDARD**

8           **A.    Withdrawal of Reference to the Bankruptcy Court**

9           District courts have original jurisdiction over "all civil proceedings arising under title 11,"

10  which is the Bankruptcy Code, as well as over cases "arising in or related to cases under title 11."

11  28 U.S.C. § 1334(a)–(b).  However, the district court's jurisdiction is not exclusive, and each

12  district court may refer such proceedings to a bankruptcy judge.  28 U.S.C. § 157(a); *see*

13  *also Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997).  In the

14  Northern District of California, all cases and proceedings arising in or related to a bankruptcy case

15  are automatically referred to the Bankruptcy Court.  Bankr. L.R. 5011-1(a).

16          There are two circumstances under which an automatic reference to bankruptcy court is

17  withdrawn for the case to proceed in district court.  First, withdrawal is mandatory "if the court

18  determines that resolution of the proceeding requires consideration of both title 11 and other laws

19  of the United States regulating organizations or activities affecting interstate commerce."  28

20  U.S.C. § 157(d).  In other words, withdrawal is required "in cases requiring material consideration

21  of non-bankruptcy federal law."  *Security Farms*, 124 F.3d at 1008.  While the Ninth Circuit has

22  not further defined what constitutes "material consideration of non-bankruptcy federal law," other

23  courts have found that mandatory withdrawal is proper only where the question of non-bankruptcy

24  federal law "require[s] the interpretation, as opposed to mere application, of the non-title 11

25  statute." *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996); *see also In re*

26  *Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990) ("[Mandatory withdrawal] is reserved

27  for cases where substantial and material consideration of non-Bankruptcy Code federal statutes is

28

3

necessary for the resolution of the proceeding."); *In re Tamalpais Bancorp*, 451 B.R. 6, 8 (N.D. Cal. 2011) (collecting cases).

Second, withdrawal may be permissive. "[T]he district court may withdraw, in whole or in part, any case or proceeding . . . on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Security Farms*, 124 F.3d at 1008. For either permissive or mandatory withdrawal, "[t]he burden of persuasion is on the party seeking withdrawal." *In re Tamalpais*, 451 B.R. at 8. Title 28 U.S.C. § 157 classifies matters in bankruptcy cases as either "core proceedings," in which the bankruptcy court "may enter appropriate orders and judgments," or "non-core proceedings," which the bankruptcy court may hear but for which it may only submit proposed findings of fact and conclusions of law to the district court for de novo review. *Security Farms*, 124 F.3d at 1008 (quoting 28 U.S.C. § 157). "A district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

### B.   Request for Judicial Notice

The Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record. *See Lee v. City of LA.*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Here, both sides request judicial notice of various filings and orders in proceedings involving the parties. *See* ECF 1-3, 12, 15. Because these are court documents properly subject to judicial notice, the Court hereby GRANTS the parties' requests for judicial notice.

### III.    DISCUSSION

As a preliminary matter, both sides acknowledged on the record at the Motion to Withdraw Reference Hearing ("the Hearing") before the Court on November 1, 2018, that all claims before the Bankruptcy Court in this action are "core" claims.  *See also* Opp'n at 11, ECF 9; Reply at 12, ECF 14.  Thus, the Bankruptcy Court "may enter appropriate orders and judgments" in this action without district court review.  *Security Farms*, 124 F.3d at 1008 (quoting 28 U.S.C. § 157).

However, the parties nonetheless dispute whether this action should be withdrawn from the Bankruptcy Court on either (a) mandatory or (b) permissive grounds.  Each issue is discussed in turn, followed by brief discussion of Plaintiffs' request to transfer this action to the District of Nevada.

### A.    Mandatory Withdrawal

Plaintiffs argue that mandatory withdrawal of the reference to bankruptcy court is warranted because "Plaintiffs' nondischargeability claims . . . require substantial and material consideration of federal trademark law."  Memorandum in Support of Plaintiffs' Motion ("Memorandum") at 6, ECF 1-2 (internal quotation omitted).  Defendant counters that mandatory withdrawal "should be construed narrowly" and that "[a]s to the [only] two claims that do concern trademark law, those claims are already [being litigated elsewhere]."  Opp'n at 10.

Indeed, claims 6 and 7 of Plaintiffs' adversary proceeding complaint in the Bankruptcy Court are the only two claims concerning trademark infringement.  *See* ECF 1-30 at 15–23.  And, the question of trademark infringement has already been answered by the District of Nevada Court in its Default Judgment Order.  *See* Default Judgment Order at 4–5, ECF 1-23.  Moreover, the parties are free to continue to litigate Defendant's appeal to the Ninth Circuit from the default judgment of trademark infringement, *see* Notice of Appeal, ECF 1-24, as the Bankruptcy Court has lifted the automatic stay in other fora "through any appeals arising from the Infringement Action [in the District of Nevada]," *see* Order Granting Relief from Automatic Stay at 1, Ex. A to Rougeau Decl., ECF 11.  Therefore, the question of trademark infringement need not be answered by the Bankruptcy Court, as the default judgment of trademark infringement will either be affirmed by the Ninth Circuit or sent back to the Nevada trial court.  Thus, the Court does not find

that Plaintiffs have met their burden of showing this case "requir[es] material consideration of non-bankruptcy federal law." *Security Farms*, 124 F.3d at 1008. Accordingly, mandatory withdrawal of the reference to bankruptcy court is not warranted.

### B.   Permissive Withdrawal

Plaintiffs next argue that the Court should exercise its discretion to permissively withdraw the reference to bankruptcy court based on consideration of the following four factors: (1) efficient use of judicial resources; (2) delay and costs to the parties; (3) uniformity of bankruptcy administration; and (4) prevention of forum shopping. Memorandum at 8; *see also Security Farms*, 124 F.3d at 1008 (listing factors). Defendant counters that none of the factors weigh in favor of withdrawal of the reference. Opp'n at 10. The Court agrees with Defendant.

First, as the parties acknowledge, all claims before the Bankruptcy Court in this action are "core" claims, and thus district court review is not required. The Bankruptcy Court can therefore enter final judgment in the adversary proceedings as to Plaintiffs' denial of discharge and nondischargeability claims. Second, withdrawing the reference to bankruptcy court would substantially delay the claims not presently stayed in the adversary proceeding, and likely increase costs to the parties. Third, the Bankruptcy Court's knowledge of bankruptcy law and familiarity with the underlying facts of the action weigh in favor of keeping the matter with the bankruptcy judge. *See, e.g.*, *In re Heller Ehrman LLP*, 464 B.R. 348, 359 (N.D. Cal. 2011). In light of the bankruptcy record before the Court, it is evident that withdrawal of the reference at this point in the case "would result in this court losing the benefit of the bankruptcy court's experience in both the law and facts, resulting in an inefficient allocation of judicial resources." *Id.* (quoting *In re The Mortg. Store, Inc.*, 464 B.R. 421, 429 (D. Haw. 2011)). Fourth, and finally, prevention of forum shopping does not weigh in favor of finding cause to withdraw the reference.

For either permissive or mandatory withdrawal, "[t]he burden of persuasion is on the party seeking withdrawal." *In re Tamalpais*, 451 B.R. at 8. Plaintiffs—the party seeking withdrawal—have simply not met their moving burden to show that permissive withdrawal is warranted.

### C.   Request to Transfer

As stated above, Plaintiffs' motion to withdraw the reference to bankruptcy court is denied.

This renders transfer of the case inapposite. The Bankruptcy Court will await the decision of the Ninth Circuit on the trademark claims and consider the effect of bankruptcy law on that final determination. Accordingly, Plaintiffs' motion to transfer this action to the District of Nevada is DENIED.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion to withdraw the reference to the bankruptcy court for this adversary proceeding and to transfer the case is DENIED.

**IT IS SO ORDERED.**

Dated: November 14, 2018

BETH LABSON FREEMAN
United States District Judge